## Robert W. Campion, Assignee of Sarah Gottlieb, v. Lesser Friedberg.

1. MONEY PAID FOR THE USE OF ANOTHER —*Amount of Recovery.*—Where a defendant procures a third party to buy a judgment rendered against him, such person can recover of such defendant only the amount of money by him paid for the judgment, notwithstanding he takes an assignment of the judgment to himself.

2. MONEY ORDERED PAID IN COURT—*To Satisfy a Judgment.*—Where a party refuses to accept money directed to be paid in order to satisfy a judgment, the court may direct the money to be paid into court, which being done, it may order the judgment to be satisfied.

**Memorandum.**—Writ of *capias ad satisfaciendum.* Appeal from an order of the Superior Court of Cook County, directing a balance found due from the defendant be paid into court; that the writ be quashed and the judgment satisfied; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 6, 1894.

OLSON, FRAZIER & BANTLE, attorneys for the appellant.

B. M. SHAFFNER, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

A judgment in an action on the case was recovered against the appellee by one Sarah Gottlieb for $250, and after a payment thereon of $75, was by her assigned to the appellant for a consideration of $65.

After the judgment was assigned the further sum of $35 was paid by appellee to apply on an execution that was issued against his property.

On May 12, 1894, a *ca. sa.* was issued against the body of the appellee, which was executed by reading the same to him and committing him to jail.

Thereupon the appellee filed his verified petition praying that the *ca. sa.* be quashed, and the judgment satisfied upon payment by him of a further sum of $30 and interest and costs.

To that petition the appellant appeared and filed his answer and affidavit in opposition thereto.

The petition showed that one George R. Grant, since deceased, was the attorney of the petitioner, Lesser Friedberg, in the suit and proceedings wherein the said judgment was recovered, and that he was such attorney at the time the said judgment was assigned to appellant, and that the money that was paid for the judgment was paid for his, Grant's, benefit and at his request; that the petitioner had paid on account of the said judgment after it had been so purchased the sum of $35, and that he had since his arrest tendered to appellant the sum of $30 remaining unpaid on said judgment together with the interest thereon and costs of suit, which tender had been refused.

The matter coming on to be heard upon the petition and answer thereto and proofs in support thereof, it was made to appear that appellant had, after the death of said Grant, filed a sworn claim in the Probate Court of Cook County, where the estate of said Grant was being administered, against said Grant's estate for $65 paid by appellant at the request of and for said Grant, for the said judgment, which claim was disallowed by said court.

Sundry other matters, both in support and in denial of said petition, were made to appear, but are not necessary to be repeated.

And the Superior Court thereupon entered an order finding that the allegations of the petition had been proved, and that the petitioner had tendered to appellant the sum of $36.75, and that the appellee had deposited with the clerk of said court the sum of $36.75, and further ordered that the execution be quashed and that the clerk satisfy the judgment of record.

This appeal is from that order.

On the merits we think the order was correct. It is not seriously denied but that Mr. Grant was the attorney of appellee at the time the judgment against him was rendered and so continued up to and until after the judgment was assigned to appellant, and that appellant knew it, nor that

the judgment was bought by appellant for and at the request of Grant.

Such being the fact it is not necessary to cite authorities that appellant could recover from appellee only so much as he paid for the judgment. And we think the court had the power to hear proofs and to enter the order that was entered. Morris v. Thomas, 17 Ill. 112.

The court certainly had the power to determine upon the petition, answer and proofs, whether the petitioner was entitled to be discharged, and it is but a logical result that a discharge should be ordered upon compliance by petitioner with a further order of the court. Where a party refuses to accept money directed to be paid in order to satisfy a writ, the court may well direct the money to be paid into court, and, that being done, order the judgment to be satisfied.

As to whether the amount of $36.75 was the exact balance that was due to appellant can not now be questioned. It is clearly not far from right. The appellant was not entitled to recover the costs on the original judgment. He could, as already said, only recover the amount he paid, which was $65, and on that amount $35 was paid before the *ca. sa.* was issued.

The record does not show that any exception was taken below to the amount found by the court as remaining due on the judgment. The specific items omitted, if any, in the court's calculation should have been pointed out, so that they might have been added there, and if refused, an exception to the refusal should have been taken.

Upon the whole record the judgment of the Superior Court will have to be affirmed.